IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kimberly Taylor (Turner), | ) | C/A No. 3:24-3005-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dillard's Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Kimberly Taylor, filed this discrimination case against her former employer, Dillard's Inc. She alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss in favor of arbitration. (ECF No. 27.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 31.) Plaintiff filed a response in opposition[1] to the defendant's motion (ECF No. 41), and the defendant filed a reply (ECF No. 42). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted and this case dismissed.

---

[1] Although Plaintiff filed her response a day late, the court has considered it in making its recommendation with no apparent prejudice to the defendant.

## DISCUSSION

A.   **Motion to Compel Arbitration Standard**

In ruling on a motion to compel arbitration, the court employs the summary judgment standard. Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC, 993 F.3d 253, 258 (4th Cir. 2021); Shaffer v. ACS Gov't Servs., Inc., 321 F. Supp. 2d 682, 684 (D. Md. 2004). Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally

construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Arbitration Generally**

A litigant can compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., if the litigant can demonstrate: "(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute." Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002)). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The policy behind the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). Thus, courts are to afford a "healthy regard" for the federal policy favoring arbitration, id. at 26, and arbitration agreements are to be "rigorously enforced," Perry v. Thomas, 482 U.S. 483, 490 (1987). Doubts regarding the scope of issues covered by an arbitration agreement must be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

When a question of arbitrability arises, the district court, not the arbitrator, decides whether a matter should be resolved through arbitration. See Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 299-301 (2010); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942-44 (1995); AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 651 (1986). This determination, however, is limited to a two-step inquiry: (1) whether a valid arbitration agreement exists; and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement. See Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999); see also Chorley Enters., Inc. v. Dickey's Barbeque Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015). Arbitration is compelled "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

**C.    Defendant's Motion**

Applying the required two-step inquiry, the court concludes that this case must be dismissed. Here, Plaintiff does not dispute either prong of the Hooters test—that a valid arbitration agreement exists and that the claims fall within the substantive scope of the arbitration agreement. See Hooters of Am., Inc., 173 F.3d at 938. Similarly, none of the elements of the American General test to compel arbitration under the FAA is in dispute. See Am. Gen. Life & Accident Ins. Co., 429 F.3d at 87. Rather, Plaintiff merely states that her case should not be dismissed and focuses on the merits of her claims.[2] Based on the foregoing, the court must compel arbitration.

---

[2] Moreover, Plaintiff indicated to Defendant that she consented to arbitration. (ECF No. 27-2 at 2.)

## RECOMMENDATION

The defendant has shown that there is no genuine issue of material fact as to the arbitrability of this dispute. The court therefore recommends that the defendant's motion (ECF No. 27) be granted and that this action be dismissed[3] so that parties may arbitrate their dispute.

December 30, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] Because all of Taylor's claim fall within the scope of the arbitration clause, this case should be dismissed without prejudice rather than stayed. See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).